JOHN DE CESARE *vs.* MUGRDICH K. BEDROSIAN, *Ex.*

FEBRUARY 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This action of assumpsit was heard in the superior court by a justice thereof sitting without a jury. He rendered a decision for the plaintiff, whereupon the defendant duly prosecuted his bill of exceptions to this court.

The exceptions now relied upon by him are to the ruling of said justice by which the plaintiff was permitted to reopen the case, introduce in evidence certain probate records, and then amend his declaration at the conclusion of all the evidence so as to conform to the proof; to the decision of said justice for the plaintiff, and to the refusal of said justice to find in the defendant's favor.

It appears from the record that the instant case was started by the issuance of a writ in the usual form out of the district court of the sixth judicial district. This writ commanded that "Mugrdich Bedrosian, Executor of the Estate of Alexander Bedrosian, of East Providence, County of Providence, R. I." be summoned to answer the complaint of the plaintiff. No special declaration was filed with the writ on its return-day, but the plaintiff declared on book account and the common counts as contained in the printed form of the combined writ and declaration, alleging only that the defendant was indebted to him in a certain amount. On the outside of the writ the case was designated as "John De Cesare, d.b.a. The Hebe Beverage Company vs. Estate of Alexander Bedrosian, Mugrdich K. Bedrosian Executor".

At the trial the evidence on behalf of the plaintiff showed that he had sold and delivered certain goods to one Alexan-

der Bedrosian, who had died before the instant case was commenced; that this action was brought to recover from the latter's estate the unpaid purchase price; that the defendant Mugrdich K. Bedrosian was executor of the deceased's will; and that said plaintiff had duly filed his claim against the estate of said Alexander Bedrosian, which claim had been disallowed by a retroactive decree of the probate court.

After both parties had presented all their evidence, on motion of the plaintiff, and over the defendant's objection, the former was allowed by the trial justice to file an amended declaration stating that the defendant was being sued in his capacity as executor as aforesaid, and expressly setting out the facts immediately referred to above. The writ, however, was not amended in any way.

After the trial justice had granted the plaintiff's said motion the case was continued to a day certain to permit the defendant to present further evidence, if he saw fit, and to take such other action as he deemed advisable. When the case next came before the trial justice the defendant offered no further evidence but moved for a decision in his favor. This motion was denied by the trial justice.

Broadly speaking, it seems well settled that a trial justice has the power to permit a plaintiff during a trial to amend his declaration so that it will conform to the proof offered in support of his case, provided that such amendment does not make the case over into another or different form or for a different cause of action. Such a right to amend is, of course, not unlimited, but rests in the discretion of the court. See *Sweeney* v. *McKendall,* 32 R. I. 347; *Beaudette* v. *Cavedon,* 50 R. I. 140; *The Sachem Co.* v. *Allen,* 58 R. I. 311. The nature of the suggested amendment, the time when the motion to amend is made, and all other pertinent facts and circumstances must be given consideration by the trial justice in each case, as the question arises, in order that he may determine whether or not such motion should properly be granted and, if so, under what conditions and limitations.

In the case at bar, however, the defendant contends, in substance, that the present action as originally brought and declared on was not against the estate of Alexander Bedrosian but against the defendant Mugrdich K. Bedrosian individually; that the trial court had no power to permit the declaration to be amended so as to substitute a new defendant, namely, said estate, for the one originally set out in the writ and declaration, namely, Mugrdich K. Bedrosian; and that, under the facts and circumstances appearing in this case, the trial justice erred in entering a decision against the estate of which he is executor.

In support of his position the defendant calls our attention to certain decisions of this court. Several of these are not entirely in point, but we find that the following case is decisive of the issues raised in the present case.

*Carney* v. *Hawkins,* 34 R. I. 297, was a probate appeal involving the allowance of the account of the defendant as executor of the estate of James Gilbane. It appeared that after the case of *Gilbane* v. *Hawkins,* 29 R. I. 502, which was an action against the defendant therein individually, had been remitted to the superior court by this court, the parties attempted to so amend that suit, by an agreement signed by the attorneys whereby the former judgment was vacated and the writ and declaration were amended, as to make the suit one against the said estate. Thereafter the attorneys filed an agreement in the superior court by which the defendant, as executor, submitted to judgment for the plaintiff upon the amended writ and declaration, and then sought to have the amount of that judgment allowed in his account.

The court in the *Carney* case, at page 303, uses the following language in stating one of the grounds for its holding against the defendant: "It has frequently been decided by this court that the amendments permitted by our statute, do not include such amendment as would make one suit into another suit of a different form or for a different cause of action. . . . We are of the opinion that the suit as it was

finally amended by authority of the Superior Court, was a suit for a different cause of action against a party not the defendant in the original suit, and that the attempted amendment was a nullity . . . . ."

The attempted amendment of the declaration in that case was for the same general purpose and was of the same kind as that made by the plaintiff, with permission of the court, in the instant case. The fact that here only the declaration was amended, rather than both the writ and declaration, does not aid the plaintiff, nor does the fact that the writ on the outside described the suit as being against said estate. The writ, considered alone, might be construed, at best, as supporting a suit against either the defendant individually or against the defendant in his capacity as executor of the estate. But the writ and declaration as originally filed make it clear that the present case, under our decisions, was legally brought against the defendant Mugrdich K. Bedrosian in his individual capacity alone, and not against the estate of which he was executor. Had defendant demurred to the original declaration on the ground that it set out a cause against the estate and not against him individually, his demurrer would not have been sustainable. Moreover, a judgment on the original writ and declaration, without amendment, would not legally bind the estate. The amendment in question, however, completely transformed this cause into one which would support a judgment against said estate, but would not support one against the defendant individually.

It follows, therefore, that the above holding set out in *Carney* v. *Hawkins, supra,* whereby the attempted amendment was found to be a nullity, applies to the amendment now under consideration by us, and that such amendment was likewise a nullity in that it amounted to the changing of the instant suit, as originally brought and declared on, into one "for a different cause of action against a party not the defendant in the original suit". Under such circumstances the date when the actual disallowance of the plain-

tiff's claim became effective does not become material; and therefore we do not now pass upon the question whether this action was brought prematurely.

Finally, the contention of the plaintiff that the defendant, by filing an affidavit of defense referring to the former's claim as one against the estate of Alexander Bedrosian, by defending against said claim in two trials, one in the district court and one in the superior court, and by other conduct on his part in connection with the case, had waived any right he may have had to urge that the action was one brought against him individually, and not against the estate, is in our judgment not tenable. The defendant, as executor of the will of Alexander Bedrosian, must act in a representative capacity only and, therefore, he had no power to waive the rights of those parties interested in the estate which he was representing. Certainly he could not waive such rights without their consent. No such consent has been shown in this case. In *Carney* v. *Hawkins, supra,* the court held that an executor had no authority to waive a special statute of limitations.

In view of all the facts and circumstances appearing in the instant case, we find that the trial justice was in error in rendering a decision for the plaintiff, and that such decision should have been in favor of the defendant. The latter's fourth and fifth exceptions are, therefore, sustained.

On March 11, 1942, the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Aram A. Arabian, Angelo A. Caldarone,* for plaintiff.

*John T. Keenan,* for defendant.